IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE MIGUEL G. FERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-0325 |
| | § | |
| JUAN LUIS P. SOBERON AND | § | |
| DE LA REINA DEVELOPMENTS | § | |
| CORPORATION | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Jose Miguel Garcia Fernandez sued Juan Luis Perez Soberon and his company, De La Reina Development Corporation, alleging that Perez had defaulted on a promissory note and asserting claims for breach of contract and fraudulent transfer. The defendants moved to dismiss under Rule 12(b)(3) based on the forum-selection clause in the promissory note. (Docket Entry No. 7). Garcia responded, (Docket Entry No. 9), and the defendants replied, (Docket Entry No. 13). The court heard oral argument on the motion to dismiss. (Docket Entry No. 14). Based on the pleadings, the motion, and responsive briefing; the arguments of counsel; and the relevant law, this court orders the parties to address the issue identified below no later than **June 21, 2013**. This court will defer ruling on the motion to dismiss until it has reviewed the parties' supplemental submissions.

**I.     Background**

Garcia is a resident and citizen of the Republic of Mexico. (Docket Entry No. 7, at 1). Perez is a citizen of the Republic of Mexico. (*Id.*) In 2007, Garcia bought a 50 % share in Perez's company, Terminal Granelera de Veracruz SA de CV Company, in Mexico for $200,000. (*Id.* at

2).  Around December 20, 2010, Perez executed a promissory note payable to Garcia in the principal amount of $256,000.  (Docket Entry No. 1, Ex. A, Promissory Note).  The note contains a forum-selection clause, which reads in English translation as follows:

> This PROMISSORY NOTE shall be subject to and interpreted in accordance with the laws of the United Mexican States, particularly, the provisions of the Credit Instruments and Transactions Law.  Furthermore, the maker and his guarantor hereby subject themselves to the jurisdiction and venue of the courts of Mexico City, Federal District, and waive any other jurisdiction to which either may be entitled by any reason currently or subsequently.

(Docket Entry No. 1, Ex. B, English Translation of Promissory Note).  The promissory note is allegedly in default.  As of October 12, 2012, Perez allegedly owes $344,732.66 in principal and interest.  (Docket Entry No. 1, at 2).

Garcia alleged that after he approached Perez about the unpaid note, Perez left Mexico. Perez was in Houston by sometime before November 14, 2011.  (*Id.* at 3).  On that date, Perez filed incorporation papers for two companies, Scrap and Steel Trading Corporation and De La Reina Developments Corporation.  (*Id.*)  Around June 6, 2012, a company listed as De La Reyna Developments Corp., believed to be De La Reina Developments Corp., purchased a residential structure at 134 E. Bracebridge Cir., Spring, Texas, 77382 in Montgomery County, Texas. (*Id.*) The property is valued at $824,280.00.  (*Id.*)  Garcia alleged that this purchase was fraudulent because Perez was in default on his obligation to Garcia and insolvent at the time.  (*Id.*)

Perez moved to dismiss under Rule 12(b)(3) based on the forum-selection clause in the promissory note.  (Docket Entry No. 7).  Perez argued that the forum-selection clause is mandatory and enforceable, covers all Garcia's claims, and requires this court to dismiss Garcia's suit.  (*Id.* at 2–7). Garcia responded that the motion to dismiss should be denied because venue is proper in the Southern District of Texas, the forum-selection clause is permissive rather than mandatory, the

forum-selection clause does not apply to De La Reina, and Garcia will not be able to obtain the remedies he seeks in a Mexican court. (Docket Entry No. 9, at 1–5). Perez replied. (Docket Entry No. 13). The court heard oral argument on the motion to dismiss at a hearing on May 2, 2013. (Docket Entry No. 14).

## II.     The Legal Standard

Rule 12(b)(3), which establishes a defense of improper venue, may be used to seek dismissal based on a forum-selection clause. *See* FED. R. CIV. P. 12(b)(3); *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005); *see also In re Atl. Marine Constr. Co.*, 701 F.3d 736, 740 (5th Cir. 2012) ("When a forum-selection clause designates an arbitral, foreign, or state court forum, a district court does not have the option of transferring the case to the designated forum. . . . Because dismissal is the only available option for the district court in those cases, dismissal is the proper remedy."); *Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 n.3 (5th Cir. 2010) (noting that the Fifth Circuit "has not previously definitively decided whether Rule 12(b)(1) or Rule 12(b)(3) is the proper rule for motions to dismiss based on an arbitration or forum-selection clause" but declining to address the issue because, as here, the parties did not address it). Once a defendant files a Rule 12(b)(3) motion challenging venue, the burden of sustaining venue lies with the plaintiff. *Silva v. Frankford Crossing Shopping Ctr.*, 2013 WL 1264155, at *3 (N.D. Tex. Feb. 22, 2013) ("Although the Fifth Circuit has not ruled on which party bears the burden on a Rule 12(b)(3) motion, most district courts within the circuit have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum."). The court must accept undisputed facts in a plaintiff's pleadings as true and resolve factual conflicts in the plaintiff's favor. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*,

240 F. App'x 612, 615 (5th Cir. 2007) (per curiam); *see also Ambraco, Inc. v. Bossclip B. V.*, 570 F.3d 233, 237–38 (5th Cir. 2009). A defendant, however, is not required to disprove all bases for the plaintiff's venue selection. *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002).

## III.     Analysis

The threshold issue is the language of the forum-selection clause. By its terms, the forum-selection clause is a promise by the "maker" (Perez) and "his guarantor" to subject themselves to the jurisdiction and venue of the courts of Mexico City, Federal District, and waive any other jurisdiction. There is no guarantor named in the promissory note. The forum-selection clause does not state that it limits the forum choice of the holder or lender, who is Garcia. In the forum-selection clause, Perez agreed that if Garcia sued him in Mexico, Perez would not challenge that forum choice. But the clause does not state that Garcia similarly agreed to restrict the venues where he could sue Perez.

The case of *Gen. Elec. Capital Corp. v. John Carlo, Inc.*, 2010 WL 3937313 (E.D. Mich. Oct. 5, 2010), is instructive. In that case, a promissory note provided:

> Maker [John Carlo Inc.] irrevocably submits to the exclusive jurisdiction of the state and federal courts located in the state of Connecticut to hear and determine any suit, action or proceeding and to settle any disputes, which may arise out of or in connection herewith and with the debt documents (collectively, the "proceedings"), and maker further irrevocably waives any right it may have to remove any such proceedings from any such court (even if removal is sought to another of the above-named courts). Maker irrevocably waives any objection which it might now or hereafter have to the above-named courts being nominated as the exclusive forum to hear and determine any such proceedings and agrees not to claim that it is not personally subject to the jurisdiction of the above-named courts for any reason whatsoever. . . . Maker acknowledges that bringing any such suit, action or proceeding in any court other than the courts set forth above will cause irreparable harm to payee [GE Capital] which could not adequately be compensated by monetary damages, and, as such, maker agrees that, in addition to any of the remedies to which

> payee may be entitled at law or in equity, payee will be entitled to an injunction or injunctions . . . to enjoin the prosecution of any such proceedings in any other court. Notwithstanding the foregoing, each of Maker and Payee shall have the right to apply to a court of competent jurisdiction in the United States of America or abroad for equitable relief as it is necessary to preserve, protect and enforce its respective rights under this Note and any other Debt Document.

*Id.*, at *2 (alterations in original).  In ruling on a motion to dismiss based on the forum-selection clause, the court agreed that "the language only prevents *Defendants* [i.e., the maker] from objecting to Connecticut or New York as a forum, but does not constrain *GE Capital's* choice of forum." *Id.* (emphasis in original).  "The language of the forum selection clause requires Defendants to submit to the jurisdiction of Connecticut and New York, but does not bind GE Capital to those fora exclusively.  Clearly, the one-sided forum selection clause was drafted for the benefit of GE Capital, not Defendants . . . ." *Id.*

The parties have not addressed in their briefs whether the motion to dismiss must be denied because the forum-selection clause does not require Garcia to file suit on the promissory note only in Mexico.  No later than **June 21, 2013**, each side must address this issue in a supplemental brief no longer than 5 pages.

SIGNED on June 10, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

5